**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONALD MOORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARIBEL VERA ANAYA; and JOE B.<br>ANAYA dba JOE'S STEAKHOUSE,<br><br>　　　　Defendants. | 1:12-cv-00009-AWI-MJS<br><br>ORDER RE: MOTION TO<br>DISMISS CAUSES OF ACTION<br><br>(Doc. 14) |

## I. INTRODUCTION

Defendants Maribel Vera Anaya and Joe B. Anaya dba Joe's Steakhouse ("Defendants") have filed a motion to dismiss the second, third and fourth causes of action in the complaint of plaintiff Ronald Moore ("Plaintiff"). For reasons discussed below, the motion shall be denied.

## II. FACTS AND PROCEDURAL BACKGROUND

On January 3, 2012, Plaintiff filed his complaint against Defendants asserting four causes of action for (1) violation of the Americans with Disabilities Act of 1990 (ADA, 42 U.S.C. §§ 12101 et seq.), (2) violation of the California Disabled Persons Act (DPA, Cal. Civ. Code, §§ 54 et seq.), (3)

violation of the Unruh Civil Rights Act (Cal. Civ. Code, §§ 51 et seq.) and (4) denial of full and equal access to public facilities in violation of California Health and Safety Code §§ 19955 et seq. On March 27, 2012, Defendants filed a motion to dismiss Plaintiff's state law claims (i.e., the second through fourth causes of action), requesting the Court decline to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367. On April 13, 2012, Plaintiff filed his opposition.

### III. LEGAL STANDARD

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if – [¶] (1) the claim raises a novel or complex issue of State law, [¶] (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, [¶] (3) the district court has dismissed all claims over which it has original jurisdiction, or [¶] (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(b).

### IV. DISCUSSION

Defendant first contends the Court should decline to exercise jurisdiction over and dismiss the second and third causes of action for violations of the DPA and Unruh Civil Rights Act, respectively, because they raise novel and complex state law issues. In particular, Defendant appears to contend – rather cryptically – that the provisions authorizing damages "for each and every offense" under the Unruh Act and "for each offense" under the DPA are ambiguous, and therefore present "novel and complex issues of unresolved state law to be handled by the California courts." Having reviewed

2

the pleadings of record and all competent and admissible evidence submitted, the Court does not agree. The cases cited by Defendants as support for the foregoing proposition deal with a split of district court authority on the issue of "daily damages" recoverable under the statutes. Defendants have not pointed to any language in the complaint to suggest daily damages will be an issue here. Furthermore, the ambiguities alleged by Defendant have been resolved by California Civil Code § 55.56. *See Kohler v. Rednap, Inc.,* 794 F.Supp.2d 1091, 1094-95 (C.D.Cal. 2011); *see also Johnson v. United Rentals Northwest, Inc.,* slip copy, 2011 WL 2746110 (E.D.Cal. 2011), at *4. Accordingly, the Court finds Plaintiff's second and third causes of action for violations of the DPA and Unruh Civil Rights Act do not present novel or complex issues of state law.

Defendant further contends the third cause of action for violation of the Unruh Act substantially predominates over Plaintiff's ADA claim because of the disparity between remedies available under the two statutes. Defendant contends, "[Plaintiff] seeks to recover damages in the amount of $4,000 for each and every offense of the Unruh Act. [Plaintiff] alleges multiple distinct violations. If all violations alleged were proved, he could be entitled to an award of thousands of dollars. In contrast, [Plaintiff] is entitled only to injunctive relief and attorneys' fees under the ADA claim. The disparity in available remedies leads to the conclusion that the state claims substantially predominate over the alternative remedies under the federal ADA claim." As the *Johnson* court noted, "accepting [this] argument 'would effectively preclude a district court from ever asserting a state law claim under the Unruh Act [in an ADA case].' " *Johnson, supra,* 2011 WL 2746110 at *4 (citations omitted). In any case, "the availability of damages under state law [simply] means that the state-law claims present a slightly larger scope of issues and offer more comprehensive remedies." *Kohler, supra,* 794 F.Supp.2d at 1096. Defendants have provided no authority – and the Court's research reveals no authority – to suggest this causes a state law claim to substantially predominate over a federal claim arising out of, as here, the same operative set of facts.

Lastly, Defendants contend a compelling reason for declining jurisdiction over the state law claims exists in that Plaintiff is forum shopping and has filed more than forty similar lawsuits in the

Eastern District. "[T]he fact that Plaintiff is 'forum shopping' by filing suit in [federal] [c]ourt rather than state court does not constitute a 'compelling reason' for declining jurisdiction . . . . The fact that Plaintiff and his counsel frequently file suits asserting disability rights violations does not change this conclusion . . . . '[F]or the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA.' " *Kohler, supra,* 794 F.Supp.2d at 1096 (quoting *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1062 (9th Cir. 2007)). Accordingly, the Court finds no compelling reason for declining jurisdiction.

## V. DISPOSITION

Based on the foregoing, Defendants' motion to dismiss the second, third and fourth causes of action in the complaint is DENIED.

IT IS SO ORDERED.

Dated:   May 9, 2012                                 _____
                                                     CHIEF UNITED STATES DISTRICT JUDGE